Dear Mr. Hamilton:
You have requested an opinion of this office on behalf of the Louisiana Community Technical College System ("LCTCS") regarding the policy adopted by the LCTCS Board entitled Policy for Expenditures Related toLCTCS Sponsored Functions and Events ("Policy"). Based on a review of the Policy, Attorney General Opinions, and relevant statutory authority it is the opinion of this office that the provisions in this Policy are appropriate and lawful.
Your opinion request provided the following background information. In accordance with the authority granted by Article 8, Section 7.1 of the Louisiana Constitution of 1974, LCTCS adopted a Policy authorizing the approval of special meals on campuses or at functions sponsored by the LCTCS or institutions under the management authority of the LCTCS. These meals are related to specified activities, i.e., faculty and staff recruitment, visiting faculty, officials and honorees at awards banquets, etc. The Policy states that the LCTCS and its colleges/regions are authorized to provide meals in conjunction with sponsored functions and events, at a rate similar to those authorized for meals by the Division of Administration and to obtain state rates whenever possible. Further, the college/region must request prior approval from the LCTCS Division of Finance and Administration for expenditures greater than $18.85 per meal. The LCTCS Division of Finance and Administration will consider approval of expenditures for up to $30.00 per meal, provided the expenditures are properly justified. *Page 2 
Our office has previously opined in La. Atty. Gen. Op. No. 89-38(A) that the Board of Trustees for State Colleges and Universities has the exclusive authority to establish policies regarding the provisions for meals on university campuses for sponsored functions and activities. Additionally, in La. Atty. Gen. Op. No. 89-39(A) our office opined that this type of policy should be reviewed by our office to ensure that it does not conflict with Article VII, Section 14 of the Louisiana Constitution.
This office has historically opined that the payment of, or reimbursement for, meals and/or food served in conjunction with parties and other types of celebratory functions is improper under Article VII, Section 14 of the Louisiana Constitution. See La. Atty. Gen. Op. No. 96-458. However, we find that the expenditures contemplated in the Policy are distinguishable. For example, this office opined in La. Atty. Gen. Op. No. 96-458 that it would not be a violation of Article VII, Section 14 of the Louisiana Constitution for the Southern University System to use state funds to pay for reasonable expenses associated with a reception for the finalists for the position of president of Southern University. This office based its opinion on the fact that the primary purpose of the reception was to enable Southern University System board members, employees and staff, as well as, officials and business leaders to meet the two finalists in a non-academic setting. Thus, the reception was for the joint benefit of officials and employees of the Southern University System, as well as, the two candidates.
Recently, in Board of Directors of the Industrial Development Board ofthe City of Gonzales v. All Taxpayers, et al., 2005-2298 (La. 9/6/06),938 So.2d 11 (Cabela), the Louisiana Supreme Court established a new standard to determine compliance with La.Const. art. VII, § 14. The Court found that "Art. VII, § 14(A) is violated when public funds or property are gratuitously alienated."
We glean three things from the Cabela case when it comes to determining whether an expenditure is gratuitous. First, it is evident that there must be a public purpose when expending funds. Second, the transaction must be looked at as a whole, and cannot appear to be gratuitous on its face. Third, public entities must have an expectation of receiving something of value when expending public funds. The Cabela decision does not make it clear exactly what that value is or how it is calculated. InCabela, the non-gratuitous intent of the public entities was demonstrated upon a showing by the entities that they expected to receive more than what they gave up. While the Court did not state that such a showing was necessary, it did make it clear that such a showing was an important factor in its decision. Therefore, it is clear to our office that a public entity must receive more than a nominal return or some minimal value in order for an expenditure to be non-gratuitous. Atty. Gen. Op. No. 07-0134.
It is the opinion of this office that since the LCTCS colleges/regions will receive a significant public benefit from furnishing meals at LCTCS sponsored functions and *Page 3 
activities and because the expenditures appear to be reasonable; this Policy would not result in a violation of Article VII, Section 14 of the Louisiana Constitution.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 By: ___________________
 Cherie A. Lato
 Assistant Attorney General
 JDC:CAL